The District Court erred in its decision that the State Defendants did not waive the defense of race judicata. That is the issue on appeal that we have raised. There were two suits filed on the same day in May of 1977. The State Defendants answered in both cases. In neither of their answers did the State assert the affirmative defense of other action pending. That is an affirmative defense that is required to be pled by both civil rules. The State Defendants actively litigated both actions simultaneously. While this case was on appeal, on the qualified immunity issues, depositions were ongoing. Both parties benefited by the ongoing discovery in both actions. Only after a verdict was rendered in the State case, over four years after the lawsuits were filed, did the State raise the issue of race judicata. They did so by way of a motion for summary judgment. The District Court treated this motion as a motion for leave to file a supplemental answer. The District Court granted that motion and then, in essence, granted the race judicata defense that was asserted in the motion for summary judgment. It is Mr. Murphy's assertion in this case that the District Court manifestly abused its discretion in granting both of those motions. Could I ask a question? At least at some point in your argument, could you please address whether we have a jurisdictional problem under the worker what's called the Worker-Feldman Doctrine? Certainly. Under that doctrine, the District, the Federal Court does not have jurisdiction to hear a case that would require this Court to review a State court judgment. So isn't really the question whether the issues in your claims are or your client's are intertwined with what the State court decided? Well, as we set forth in our brief, Your Honor, the determinations that were made in the State court decision are not inextricably intertwined. We had a negligent disclosure issue and we had a civil conspiracy issue. Now, but I want to bring up the doctrine of the law of the case. Because this case, as you know, has been up on appeal before on the qualified immunity issue. And in that case, or in that decision, this Court specifically addressed the issue of whether or not Mr. Murphy's limited privacy interest, which is the interest identified by the State court of appeals, whether it was privacy. That was a specific issue that was addressed by this Court. This Court specifically held that the District Court correctly held that if the purpose of the individual defendants, in this case State defendants, was to engage in a criminal investigation, a disputed factual question, the individual defendants were not entitled to qualified immunity. The law of the case is that Mr. Murphy has a reasonable expectation of privacy in his prescription records and that a warrant was required to obtain these prescription records if, in fact, the State defendants were conducting a criminal investigation at the time they searched for and seized his prescription records. And so the law of the case is, does not require this Court to review anything that's happened in the State court proceedings. Thank you. I'm pretty close to being done with my time, so I think I'll just sit down for a minute. You've got five and a half minutes left. Wait for the rest of the issues. Okay. Sometimes it helps to hear the other side's argument. I would like to comment in the last few seconds here is that the law of the case says that, first of all, the elements of that are whether it was clearly whether your decision, the earlier decision, was clearly erroneous. That's not the case. The second factor that you look at is whether or not there has been intervening controlling authority. The State court of appeals decision with respect to search and seizure is not intervening controlling authority with respect to this court. Okay. Well, I know you reserved time, but here's what I think one thing you could think about for when you argue further. Okay. Is even if we say something's the law of the case, aren't we still adjudicating in a way that's contrary to what a State court did? And doesn't that give us back the worker dealt with in the problem? Anyway, but let's... No. Good morning. It may have pleased the court. My name is Paul Cherish. I represent the State defendants and respondents in this appeal. The issue framed by the appellant is not the true issue before this court today, and counsel spoke to the reason in his opening argument. The reason I say that is that the district court construed the defendant's motion for summary judgment as a motion for leave to file a supplemental answer, and the court subsequently granted that motion, recognizing res judicata as a valid affirmative defense. Therefore, the question before the court is whether the district court abused its discretion in entering that finding and making that order. And as the court is aware, the standard in the Ninth Circuit for abuse of discretion is whether this court is convinced firmly that the district court allowing amendment is beyond the pale of reasonable justification under the circumstances. It is not. There was no abuse of discretion for the following reasons. First, as the court is aware, Federal Rule of Civil Procedure 15A allows for liberal amendment. The defendants obtained this jury verdict in the State court case in, I believe, May 2001. As the district court pointed out, the first docket entry after that verdict was the motion for summary judgment. We raised four grounds, res judicata, Rooker-Feldman jurisdiction, qualified immunity, and proximate cause. And I want to take this opportunity, Judge Gould, to address your question about Rooker-Feldman. As this court is aware, the district court's decision can be affirmed on any valid grounds, and it can be affirmed on the Rooker-Feldman grounds also, because the State court jury decided the question that the plaintiff is presenting in the Ninth Circuit. The State court jury returned a defense verdict for the State defendants, finding there was no civil conspiracy to violate Mr. Murphy's Fourth and Fourteenth Amendment rights. For the Ninth Circuit to again address that issue would compromise that State court verdict, which was then affirmed by Division I of the Washington Court of Appeals. This Court, in effect, would be acting as a lateral court of appeals on that verdict. By the way, if we were to accept that position, is it an affirmance based on Rooker-Feldman, or is it a dismissal for lack of jurisdiction? It's a dismissal. The affirmance would be on the issue of res judicata, I suppose. There would be no jurisdiction to hear this. And that would be the same for the qualified immunity argument, which I'll just touch on briefly, based on the Division I opinion in Murphy v. State, which is at 115 Washington Appellate 297. The issues, the legal questions raised by the plaintiff were fully addressed, are fully addressed by Washington law in that opinion. That opinion affirms that Washington law gives the Board of Pharmacy and law enforcement the authority to inspect prescription data. The Court correctly pointed out that this authority has existed in our State constitution at Article 20, Section 2 for years, since the beginning of statehood, practically, that several State statutes grant that authority, that there is no inconsistent State case law, and that every State in the United States of America that has addressed this issue has found these statutes to be constitutional. The second issue that that case is dispositive of is whether or not, if these statutes exist, if the Pharmacy Board has this authority, if law enforcement has this authority, does that authority run afoul of the privacy guarantees in the State and Federal constitutions? And the Murphy decision points out that it does not. So I think what, in essence, can be said about this case is this. The plaintiff is the master of his claims. The plaintiff chose to commence two parallel lawsuits in the State and Federal system, alleging identical facts, identical alleged wrongs, and identical damages. He omitted from his State court claim an actual identification of Section 1983, the Civil Rights Act. But he alleged in his State court claim civil conspiracy to violate civil rights, based on the same facts and conduct leading to the same alleged injuries and damages. So for that reason, this Court should affirm the district court. It did not abuse its discretion, and even if the Court gets to the waiver issue, the plaintiff has not satisfied a basis for reversal. How do we view this Rooker-Feldman issue if some of the issues in the State court case are congruent with issues in the Federal court case, but there also are different, some different issues that, let's say, are raised in Federal court that weren't raised in State court? I think, Your Honor, what Rooker-Feldman precludes is the Federal court from deciding any issue that is the same, but also those which are inextricably intertwined with those which are decided in State court. Now, here we have two legal theories in State court. We had negligent disclosure, which is not a legal theory in the State of Washington, and the Division I opinion points that out. They reversed that and vacated that. And the second theory was civil conspiracy, and civil conspiracy doesn't exist by itself. There needs to be a wrong to float the conspiracy. But as I pointed out previously, if the Court revisits the – that was affirmed, by the way. So if the Court revisits this, it's revisiting an existing claim for the defendants on civil conspiracy, which is the civil rights claim, in effect. And it can't really revisit the negligent disclosure claim because there is no such claim, and Division I has vacated that. I hope I've answered your question. I think so. I'm still a little up in the air in the sense that, okay, civil conspiracy, I guess, in the State court case, there were – were they the same pattern of defendants? Yes. Well, in the State court, actually, the plaintiff sued the State of Washington in name, but alleged wrongs by the same individual State actors, and those are the defendants, the State defendants and respondents in this appeal, Donald Williams, Richard Morrison, and Phyllis Wien. So there is an identity of the actors. There is an identity of the issues. The same alleged rights were allegedly infringed, and there's the same transaction or nucleus of facts. And all these are grounds for finding res judicata. And what if the appellant just went against, let's say, one defendant so he didn't claim conspiracy at all? Would Rooker-Feldman preclude that? I don't know if we'd be here because that legal theory wouldn't have existed because there needs to be two people for a conspiracy, two individual actors. And, in fact, these actors were all employees of the pharmacy board, so there couldn't be a conspiracy. They were coworkers. The executive director, the chief investigator, and an investigator. I guess what I meant, maybe I probably didn't express it too well, but you don't need a conspiracy under 1983, right? Correct. You could select one person and say that one person violated my civil rights. That's correct, Your Honor. If Murphy did that here, would there be a Rooker-Feldman problem? Would it still be inextricably linked? I think it would, because when you look back, I don't know if the jury instructions are part of the record. I believe they are in this Court. The State Court jury instructions speak to these people agreeing to violate civil rights and conducting a warrantless search and seizure and unlawful disclosure under the 14th Amendment, and the jury found they didn't do that. I don't know whether it can be determined that it's because they didn't conspire or because they didn't do something unconstitutional. Okay. So the Federal constitutional claim was presented in the State Court? It was not identified as 1983, and I raised that repeatedly. Was there a Fourth Amendment claim? Yes. Yes. It is throughout. In fact, and I hope this is part of the record, the State Court complaint and the Federal complaint are nearly identical in facts alleged, in wrongs alleged, in damages sought. In closing, I ask that this Court affirm the district court's dismissal. Thank you. Thank you, Mr. Trish. And now Mr. Northcraft. Thank you. First of all, and I'm not sure that this is particularly pertinent to the concurrent jurisdiction issue, because you certainly need to decide that independently. But the State of Washington defined. Can you speak up a little bit? Oh, certainly. I'm sorry. The State of Washington certainly agreed to the actions running concurrently. So that's the basis of it. If you bring the mic a inch closer. Let me just speak up a little bit. The State of Washington defendants and the State of Washington certainly agreed to conduct this litigation concurrently. There's just simply no question about it. We litigated this case for years. And no one raised the objection of other action pending. Now, the Rooker-Feldman doctrine deals with whether or not this Court has to review something that the State Court has done. The issue is not whether the issues are the same, but the question is whether you have to review something that was done in the State Court. And you're not reviewing anything because you already decided these issues. The negligent disclosure issue has nothing to do with whether or not there was a deliberate indifference with respect to the disclosure of health care information to the county officials by the State defendants. It's a different issue, different test. Negligent disclosure, even though it was found to exist and the State says that the cause of action doesn't exist any longer and that's currently the law. So there's nothing to review there. The search and seizure issue that was part of the civil conspiracy issue, there's nothing to review there because you've already decided it. And so if the test is not whether the issues are the same, but whether or not this Court has to review something done by the State court, there's nothing for you to review. You've already decided it. And I really don't know what else to add to that argument other than you've already looked at it. You're going to send me back to the books to read Rooker and to read Feldman again. No. If you'll trust me that the only issue is you have to review. I do trust you, but I'd have to confess. But you need to look at. I never fully understood the so-called Rooker-Feldman. Well, I read that thing a few times myself. Well, if we reach the question of race judicata, why isn't the trial court correct in this case? Because of the prejudice to Mr. Murphy in basically striking the 1983 claims. Currently, because the Court of Appeals has thrown out a state court case, he has no remedies at all. Other than in this court. Well, the state court held that he hadn't been hurt. That is the. Well, the state court. The release of that information was not wrongful. Didn't they hold that? Well, the Court of Appeals threw out that cause of action. The jury actually decided that there was. It was wrongful and gave him a generous award of damages, but the court reversed it. Yes, that's been thrown out. So. And why isn't that race judicata on the question of wrongful release of the information? Well, we're saying it's not race judicata because the race judicata defense was waived by concurrently litigating the litigation. That's one of the questions that we may have to decide if we reach race judicata. Correct. You'll need to look at our briefing, and it's pretty clear that Mr. Murphy has been prejudiced by the concurrent litigation without the state raising the issue of other action pending. The litigant decides to ride two horses and they move off in different directions. That's that's an assumption of risk, isn't it? Not if the other side agrees to it, which is what they did. OK. That's all I have. I congratulate both parties on excellent arguments. And this certainly is like an epic lawsuit or set of lawsuits. It seems to be. Who would have known? We'll move it forward to some extent, I'm sure. Thank you. Thank you. Case is submitted with thanks to counsel for their arguments.
judges: Lay , Goodwin, Gould